**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCIS M. BRADY,<br><br>  Plaintiff,<br><br>  v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>  Defendant. | Case No. **'20CV2342 BAS BGS**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW comes FRANCIS M. BRADY ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant's principal place of business is located in San Diego County, California, which is located within the Southern District of California.

**PARTIES**

4. Plaintiff is a consumer and a natural person over-the-age of 18.

5. Defendant is a collection company that claims to "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] Defendant is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon an outstanding debt ("subject consumer debt") that Plaintiff allegedly owed to CitiBank, N.A. ("CitiBank").

8. Plaintiff used his CitiBank credit card to finance the purchase of various household and personal goods.

9. Upon information and belief, after Plaintiff's purported default on the subject consumer debt, the subject consumer debt was charged off by CitiBank and purchased by Defendant for collection purposes.

---

[1] https://www.midlandcredit.com/who-is-mcm/

2

10. Around the summer of 2020, Plaintiff began receiving calls to his cellular phone, (301) XXX-0632, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular telephone ending in -0632. Plaintiff is and always has been financially responsible for the cellular telephone and its services.

12. Defendant has used the following phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (540) 900-0903 and (602) 338-9077.

13. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

14. Upon speaking with Defendant, Plaintiff was informed that Defendant was seeking to collect on the subject consumer debt.

15. Plaintiff initially agreed to a payment plan with Defendant as long as Defendant provided him with validation of the subject consumer debt.

16. However, Defendant failed to provide Plaintiff with validation of the subject consumer debt despite his multiple requests.

17. Consequently, Plaintiff demanded that Defendant cease contacting him after Defendant failed to provide him with validation of the subject consumer debt.

18. Plaintiff has received not less than 25 phone calls from Defendant since asking it to stop calling.

19. In another attempt to collect the subject consumer debt, Defendant sent a dunning letter to Plaintiff on or about June 5, 2020

20. Defendant's collection letter was enclosed in an envelope that prominently displayed the words "**TIME SENSITIVE DOCUMENTS"** on its exterior in bold font.

21. When Plaintiff observed the **TIME SENSITIVE DOCUMENTS** envelope, his attention was immediately drawn to the formatting of the words **TIME SENSITIVE DOCUMENTS**.

22. Reading the words "**TIME SENSITIVE DOCUMENTS**" caused Plaintiff to worry about the contents of the unknown letter, as Plaintiff was unsure as to what time sensitive matters of his would be properly subject to communications via mail. Plaintiff immediately grew nervous and anxious to learn the contents of the letter.

23. As a result of the **TIME SENSITIVE DOCUMENTS** disclosure on the envelope, Plaintiff immediately opened the collection letter to determine what time sensitive information was contained within the letter.

24. Plaintiff was worried, anxious, and nervous to figure out what time sensitive information he was receiving from a completely unknown sender.

25. Upon information and belief, Defendant routinely sends collection letters inside of envelopes marked **TIME SENSITVE DOCUMENTS** in an attempt to cause the unsophisticated consumers to open the envelopes, read the enclosed letter, and call Defendant about the debt.

26. Defendant has determined that it collects more money from consumers when it sends letters in **TIME SENSITVE DOCUMENTS** envelopes.

27. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of his federally protected interests as a result of Defendant's conduct.

28. In an effort to address the confusion created by Defendant, Plaintiff lost time and resources going about addressing Defendant's conduct.

29. Frustrated over Defendant's conduct, Plaintiff spoke with his attorney regarding his rights, resulting in expenses.

30. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

4

31. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

34. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

35. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

36. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA §1692c(a)(1) and §1692d**

37. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

38. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff at least 25 times after he demanded that it stop calling.

This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive.  The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

39. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of the FDCPA § 1692e

40. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

41. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."   15 U.S.C. §1692e(10).

42. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. In spite of the fact that Plaintiff demanded that Defendant stop contacting him, Defendant continued to contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

43. Defendant further violated §§1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. Specifically, it was deceptive for Defendant to implicitly represent that it could include the words "**TIME SENSITIVE DOCUMENTS**" printed on an envelope containing a collection letter. The FDCPA specifically prohibits debt collectors from including this type of language on its envelopes, thus Defendant acted deceptively by

including it in clear violation of the FDCPA. Defendant's actions only served to worry and confuse Plaintiff.

### c. Violations of the FDCPA § 1692f

44. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

45. In addition, this section enumerates specific violations, such as:

> "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. §1692f(8).

46. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 25 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

47. Defendant violated § 169f(8) when it unfairly attempted to collect upon the subject consumer debt. Any reasonable fact finder will conclude that Defendant's inclusion of "**TIME SENSITIVE DOCUMENTS**" on the front of the envelope violates 15 U.S.C. § 1692f(8). As alleged, Plaintiff instantly opened Defendant's mail because it said "**TIME SENSITIVE DOCUMENTS**". Upon information and belief, Defendant has determined that it collects more from consumers by including "**TIME SENSITIVE DOCUMENT**" on envelopes. On information and belief, Defendant's research demonstrates that the least sophisticated consumer or the unsophisticated consumer is more likely to open letters sent in envelopes marked "**TIME SENSITIVE DOCUMENTS**".

WHEREFORE, Plaintiff, FRANCIS M. BRADY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 1, 2020            Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com